IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAN REAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-CV-4338-B-BF |
| | § | |
| CITY OF HEATH, TERRY GARRETT, | § | |
| and LORNE LIECHTY, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Defendant the City of Heath ("the City") has filed a motion to dismiss plaintiff's original complaint in this civil rights action brought under 42 U.S.C. § 1983. For the following reasons, the motion should be granted.

**Background**

This case arises out of an incident that occurred at a Heath City Council Meeting on September 9, 2014. In her Original Complaint, plaintiff Joan Ream ("Ream"), an 82 year-old woman, alleges she attended the September 9 City Council Meeting and spoke against certain proposed zoning changes. Pl.'s Orig. Compl. (Doc. 1) at 3, ¶ 10 & 5, ¶ 21. At one point in the meeting, "[a]fter certain citizens were heard, but before the proposition to rezone was put to a vote," the mayor, defendant Lorne Liechty ("Liechty"), commented on the rezoning issues. *Id.*, ¶ 11. Ream raised her hand and asked the City Attorney to "clarify a point of order" regarding whether Liechty could properly offer his own comments at that time. *Id.* Ream alleges that, in response to her

conduct, Liechty directed defendant Terry Garrett ("Garrett"), the City's Director of Public Safety, to remove her from the hearing. *Id.*, ¶ 12. Ream began to leave, but Garrett grabbed her, pushed her toward the door, and swept her leg out from under her causing her to fall. *Id.* at 3-4, ¶¶ 13, 14. Ream allegedly sustained injuries as a result of Garrett's use of force, including bruises to her arm and injuries to her left shoulder, rib, and knee. *Id.* at 4, ¶ 15.

By this lawsuit, Ream asserts claims against the City, Liechty, and Garrett under 42 U.S.C. § 1983 for violating her Constitutional rights to free speech and to be free from the use of excessive force. Specifically, Ream alleges that Liechty violated her First Amendment right to free speech by silencing her and directing Garrett to remove her from the public hearing. *Id.* at 5, ¶ 21. Ream further alleges that Garrett's use of force against her was objectively unreasonable and violated her Fourth Amendment right to be free from unreasonable seizure of her person. *Id.* at 4-5, ¶¶ 16-18. Finally, Ream alleges that the City is liable for Garrett's alleged excessive use of force because he is a final policy maker for the City and because the mayor and City Council ratified his conduct. *Id.* at 6-7, ¶¶ 22-25, 26. Ream seeks actual and punitive damages, as well as statutory attorneys' fees, costs, and expenses. *Id.* at 8, ¶¶ 27-29.

The City has filed a Rule 12(b)(6) motion to dismiss Ream's claims on grounds that she has failed to adequately allege all the elements necessary to state a claim for municipal liability. Def. Mot. (Doc. 11). In particular, the City argues that Ream failed to plead that Garrett was a City policymaker. The issues have been fully briefed, and the motion is ripe for determination.

**Legal Standards**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). In deciding a Rule 12(b)(6) motion, the court construes the plaintiff's complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in the plaintiff's favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

**Analysis**

A municipality, like the City, cannot be held vicariously liable under 42 U.S.C. § 1983 for the acts of its employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also James v. Dallas Hous. Auth.*, 526 F. App'x 388, 394 (5th Cir. 2013) (per curiam) ("Courts will not hold municipalities liable for constitutional violations of its employees under a theory of *respondeat superior*.") (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Rather, section 1983 liability attaches only where the municipality itself causes the constitutional violation at issue. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). To state a claim against the City, Ream must plead an underlying constitutional violation, as well as "a policymaker; an official policy; and a

violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005).

Isolated unconstitutional actions by municipal employees typically do not trigger liability. *See McKee v. City of Rockwall*, 877 F.2d 409, 415-16, (5th Cir. 1989). However, "[a] single decision may create municipal liability if that decision were made by a final policymaker responsible for that activity." *Woodard v. Andrus*, 419 F.3d 348, 352 (5th Cir. 2005) (quoting *Brown v. Bryan Cnty.*, 67 F.3d 1174, 1183 (5th Cir. 1995)); *cf. Mosser v. Haney*, No. 3:03-CV-2260-B, 2005 WL 1421440, at *3 (N.D. Tex. June 17, 2005) (Boyle, J.) (noting that acts of individual municipal employees do not create liability under § 1983 unless the employee is a policymaker). Whether a city official is a final policymaker is a question of state and local law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988). A final policymaker is one who takes the place of the governing body in a designated area of city administration. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). Such a policymaker governs not only conduct but also decides the goals for a particular city function and devises the means of achieving those goals. *Id.*; *Bennett v. City of Slidell*, 728 F.2d 762, 769 (5th Cir. 1984). A final policymaker is not supervised except as to the totality of his performance. *Webster*, 735 F.2d at 841; *Bennett*, 728 F.2d at 769.

Policymaking authority requires more than a showing of mere discretion or decisionmaking authority on the part of the official. *Webster*, 735 F.2d at 841. If a governing body chooses to delegate policymaking authority to a city official, it may do so by (1) an express statement, job description, or other formal action, *Bennett*, 728 F.2d at 769; *Swann v. City of Dallas*, 922 F. Supp. 1184, 1204 (N.D. Tex. 1996), *aff'd*, 131 F.3d 140 (5th Cir. 1997), or (2) by its conduct or practice, encourage or acknowledge the agent in a policymaking role, *Bennett*, 728 F.2d at 769. Stated

4

differently, the governing body must expressly or impliedly acknowledge that the city official acts in lieu of the governing body to set goals and to structure and design the area of the delegated responsibility, subject only to the power of the governing body to control finances and to discharge or curtail the authority of the agent. *Webster*, 735 F.2d at 841.

Here, Ream alleges that Garrett is a policymaker for the City of Heath and that his direct involvement in the alleged excessive use of force renders the City liable for her injuries. *See* Pl.'s Orig. Compl. at 6-7, ¶¶ 22, 25. Her original complaint states, in pertinent part:

> Director Garrett is an official policymaker. He himself used objectively unreasonable, excessive force. Such policy violates Fourth Amendment protection as to Mrs. Ream.
>
> Director Garrett had policymaking authority both explicitly through the City's written ordinances and implicitly as a result of the delegation of authority and the customs and practices of the City of Heath City Council. Director Garrett had authority to establish binding city policy respecting matters relating to the police department and to adjust that policy for changing circumstances.

*Id.*, ¶¶ 22-23. However, none of these conclusory allegations are supported by facts that would establish that Garrett is a final policymaker with respect to the City's policies and customs regarding a police officer's use of force which she alleges caused the violation of her constitutional rights. While Ream's complaint need not contain detailed factual allegations, she must allege more than labels and conclusions. *See Iqbal*, 556 U.S. at 678 (while the court must accept plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation'") (quoting *Twombly*, 550 U.S. at 555).

Ream's complaint cites "City of Heath, Tex. Code of Ordinances § 33.17 et al.," *id.* at 6 & n.1, as authority for her assertion that Garrett is a City policymaker. In her response to the City's motion to dismiss, Ream asserts that the cited ordinances provide that:

> Director Garrett is the "Chief Executive Officer of the Department of Public Safety and shall fulfill all responsibilities pertaining to his department including but not limited to personal [sic] management, planning and organizing, budget preparation and control, establishing policies and procedures, training of personnel, . . . [and] shall establish, publish and maintain written procedures, rules and regulations to insure safe and efficient operations of the Department."

Pl.'s Resp. at 3 (citing Heath, Tex. Code of Ordinances §§ 33.17, 33.18). Even assuming the court could properly consider Ream's assertions regarding the Heath City Ordinances, *see Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir.1996) (holding that court's analysis when considering a motion under Rule 12(b)(6) is limited to the factual allegations stated in the complaint), they are factually insufficient to establish that Garrett is a final policymaker. Ream does not allege, and the ordinance does not allow the court to infer, that the Heath Director of Public Safety takes the City's place with regard to decisions about officer conduct. Nor does Ream allege, or the ordinance establish, that the Public Safety Director is not supervised except as to the totality of his performance. Ream has thus failed to allege that Garrett is a final policymaker for the City with respect to the conduct she alleges resulted in a violation of her constitutional rights.[1]

---

[1] The City also disputes that Garrett is a final policymaker. *See* Def. Resp. at 6-7. It contends that the Heath City Charter and other provisions of the Heath City Code establish that the Public Safety Director is subordinate to other City officials, including the City Manager, which precludes the existence of final policymaking authority. *Id.* Other courts in this district have relied on similar language in a city charter to find that the chief of police is not a policymaker for purposes of section 1983 liability. *See Pinedo v. City of Dallas*, No. 3:14-CV-0958-D, 2015 WL 221085, at *5 (N.D. Tex. Jan. 15, 2015); *Guzman v. City of Dallas*, No. 3:09-CV-2426-B-BD, 2010 WL 4514369, *3 (N.D. Tex. Nov. 9, 2010), *adopted by* 2010 WL 4514364 (N.D. Tex. 2010); *Mosser v. Haney*, No. 3:03-CV-2260-B, 2005 WL 1421440, *4 (N.D. Tex. June 17, 2005); *see also Flanagan v. City of Dallas*, 48 F. Supp. 3d 941, 950-51 (N.D. Tex. Aug. 8, 2014), *rec. adopted*, 2014 WL 4747952 (N.D. Tex. Sept. 23, 2014) (recognizing that similar language in Dallas City Charter is insufficient to allege that Chief of Police is City final policymaker, but denying motion to dismiss where plaintiff also alleged that member of City Council delegated policymaking authority for police officer training to Chief of Police).

Ream similarly fails to allege sufficient facts to state a claim for municipal liability based on a theory of ratification. Her complaint states only that Liechty and the City Council witnessed Garrett's actions and failed to object. *See* Pl.'s Orig. Compl. at 7, ¶ 26. Ream does not allege any facts that support an inference that the mayor or the City Council had supervisory authority over Garrett.

Finally, the court does not read Ream's complaint to assert a claim for punitive damages against the City. Rather, her complaint specifically states that she seeks such damages against Liechty and Garrett only. *See* Pl.'s Orig. Compl. at 8, ¶ 28. To the extent her prayer suggests that she seeks such damages against the City, her claim must fail. The Supreme Court has concluded "that considerations of history and policy do not support exposing a municipality to punitive damages for the bad faith actions of its officials" and held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

## RECOMMENDATION

The District Court should GRANT the City's Rule 12(b)(6) motion (Doc. 11) and DISMISS Ream's claims against the City without prejudice.[2]

---

Ream does not controvert the City's arguments or evidence.

[2] Although the court recommends dismissing Ream's claims against the City, she should be granted leave to replead. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005).

SO RECOMMENDED, June 2, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).