**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOAN REAM,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 3:14-CV-4338-B-BF** |
| | § | |
| **CITY OF HEATH, TERRY GARRETT,** | § | |
| **and LORNE LIECHTY,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Terry Garrett has filed a motion to dismiss plaintiff's original complaint in this civil rights action brought under 42 U.S.C. § 1983.  For the following reasons, the District Court should deny the motion.

**Background**

This case arises out of an incident that occurred at a City Council Meeting for defendant the City of Heath ("the City") on September 9, 2014.  In her Original Complaint, plaintiff Joan Ream ("Ream"), an 82 year-old woman, alleges she attended the September 9 City Council Meeting and spoke against certain proposed zoning changes.  Pl.'s Orig. Compl. (Doc. 1) at 3, ¶ 10 & 5, ¶ 21.  At one point in the meeting,  "[a]fter certain citizens were heard, but before the proposition to rezone was put to a vote[,]" the mayor, defendant Lorne Liechty ("Liechty"), offered his opinion on the rezoning issues.  *Id.*, ¶ 11.  Ream then raised her hand and asked the City Attorney to "clarify a point of order" regarding whether it was appropriate for Liechty to comment on the rezoning issues at that

point.  *Id.*  Ream alleges that, in response to her conduct, Liechty directed defendant Terry Garrett ("Garrett"), the City's Director of Public Safety, to remove her from the hearing.  *Id.*, ¶ 12.  Ream immediately began to leave, but Garrett forcefully grabbed her, pushed her toward the door, and swept her leg out from under her causing her to fall.  *Id.* at 3-4, ¶¶ 13, 14.  Ream allegedly sustained injuries as a result of Garrett's use of force, including bruises to her arm and injuries to her left shoulder, rib, and knee.  *Id.* at 4, ¶ 15.

By this lawsuit, Ream asserts claims against Garrett under 42 U.S.C. § 1983 for violating her Constitutional right to be free from the use of excessive force.  Specifically, Ream alleges that Garrett's use of force against her was objectively unreasonable and violated her Fourth Amendment right to be free from unreasonable seizure of her person.  *Id.* at 4-5, ¶¶ 16-18.  Ream seeks actual, compensatory, and punitive damages, as well as statutory attorneys' fees, costs, and expenses.  *Id.* at 8, ¶¶ 27-29.

Defendants filed a joint answer to Ream's complaint in which they offer a different account of the September 9, 2014 City Council Meeting.  *See* Def.'s Ans. (Doc. 17).  According to Defendants, Ream spoke on the zoning matter during that portion of the meeting open for public comment.  *Id.* at 5, ¶ 22 & 7, ¶ 23.  After the public hearing portion of the meeting ended and the City Council began its deliberations, Ream stood up and began yelling at Liechty.  *Id.* 7, ¶ 23.  Liechty asked Ream to stop the disruption several times, but Ream continued to yell at Liechty in an escalating tone and continued to disrupt the meeting.  *Id.*  Liechty then directed Garrett to remove Ream from the room.  *Id.*

Garrett, who had been observing the meeting, witnessed Ream's behavior and determined that she had committed the criminal offense of "Disrupting Meeting," Tex. Penal Code § 42.05,[1] and may have committed the offense of "Hindering Proceedings," Tex. Penal Code § 38.13.[2]  *Id.* at 5, ¶ 22.  Garrett walked to Ream and "gently touched" her elbow to escort her from the meeting room.  *Id.*  When Ream was glaring at Garrett, she stumbled into the exit door, but Garrett caught her before she fell to the floor.  *Id.*  Ream then grabbed the door "to either prevent it from closing or attempt to re-enter the room."  *Id.*  Garrett "gently took one of [Ream's] arms in a light grasp below the elbow and guided [her] around and away from the door." *Id.* at 5-6, ¶ 22.  Once outside the meeting room, Ream repeatedly hit Garrett with papers and file folders and continued to yell and scream at him.  *Id.* at 6, ¶ 22.  At one point, Ream "grasped her own arms tightly above the elbows and began screaming incoherently."  *Id.*  Garrett determined that Ream had committed additional offenses, including assault, interference with a public servant, and possibly resisting detention.  *Id.*

---

[1]  Texas Penal Code § 42.05, "Disrupting Meeting or Procession," provides:

(a)     A person commits an offense if, with intent to prevent or disrupt a lawful meeting, procession, or gathering, he obstructs or interferes with the meeting, procession, or gathering by physical action or verbal utterance.

(b)     An offense under this section is a Class B misdemeanor.

TEX. PENAL CODE § 42.05 (Vernon 2011).

[2]  Texas Penal Code § 38.13, "Hindering Proceedings by Disorderly Conduct," provides:

(a)     A person commits an offense if he intentionally hinders an official proceeding by noise or violent or tumultuous behavior or disturbance.

(b)     A person commits an offense if he recklessly hinders an official proceeding by noise or violent or tumultuous behavior or disturbance and continues after explicit official request to desist.

(c)     An offense under this section is a Class A misdemeanor.

TEX. PENAL CODE § 38.13 (Vernon 2011).

3

Eventually, Ream calmed down and walked away. *Id.* Garrett exercised his discretion not to arrest Ream for any of the offenses he observed. *Id.* In Defendants' answer, Garrett asserts that he is entitled to qualified immunity because a reasonable official in his position would have believed his actions were lawful under the circumstances. *Id.* at 5, ¶ 21 & 7, ¶ 23.

Garrett has now filed a Rule 12(b)(6) motion to dismiss Ream's claims. Def.'s Mot. Dismiss (Doc. 11) at 1. By his motion, Garrett argues that Ream's complaint fails to adequately plead a claim for relief and that her allegations fail to overcome his assertion of qualified immunity. *Id.* at 1, ¶ 2. Alternatively, Garrett requests that the court order Ream to file a Rule 7(a) reply to his immunity defense. Def.'s Br. (Doc. 16) at 1, ¶ 1. The issues have been fully briefed, and the motion is ripe for determination.

## Legal Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). In deciding a Rule 12(b)(6) motion, the court construes the plaintiff's

4

complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

## Analysis

To state a claim under 42 U.S.C. § 1983, Ream must allege a violation of her constitutional rights and show that a person acting under color of state law committed the alleged violation. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Ream alleges that Garrett violated her Fourth Amendment right to be free from the excessive use of force when he removed her from the September 9, 2014 City Council meeting. Garrett moves to dismiss Ream's claims on grounds that her complaint fails to sufficiently allege any violation of her constitutional rights and because he is entitled to immunity.

## Fourth Amendment Violation

The Fourth Amendment confers a "right to be free from excessive force during a seizure." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012). To establish that a police officer violated an individual's constitutional right to be free from excessive force, the individual must show: "(1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Id.* at 628 (citing *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009)). Assuming the pleadings allege a constitutional violation, the court must determine whether the law was clearly established at the time of the officer's conduct, and if so, whether the officer's use of force was "objectively reasonable" in light of the facts and circumstances confronting him. *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008); *see generally Graham v. Connor*, 490 U.S. 386, 396 (1989) (holding that "all claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest,

5

investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard").   In evaluating whether the use of force was reasonable, a court looks to the "totality of the circumstances," "giving 'careful consideration to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Ramirez v. Martinez*, 716 F.3d 369, 377 (5th Cir. 2013) (quoting *Graham*, 490 U.S. at 396) (internal citation omitted).   The court must evaluate the officer's action "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Poole*, 691 F.3d at 628 (citing *Graham*, 490 U.S. at 396).

Ream alleges that she sustained bruising on her arm and injuries to her left shoulder, rib, and knee as a result of Garrett's use of force in removing her from the City Council meeting.  Pl.'s Orig. Compl. at 4-5,  ¶¶ 15, 19.  She alleges that Garrett "forcefully grabbed her," pushed her, and swept her leg out from under her when she was attempting to leave the meeting on her own accord. *Id.* at 3, ¶ 13.  She further alleges that any use of force was unnecessary and objectively unreasonable because she is a eighty-two year old woman; she was unarmed; she made no threats and did not resist Liechty's direction to leave the meeting. *Id.* at 5, ¶ 18.  These allegations, taken as true and viewed in the light most favorable to Ream, state a plausible claim for excessive force.

## Qualified Immunity

Garrett also asserts that he is entitled to qualified immunity.  In Defendants' answer, Garrett disputes Ream's account of the September 9 City Council meeting and alleges that Ream interrupted the meeting by yelling.  Def.'s Ans. at 5-6, ¶ 22.  According to Garrett, Ream's conduct rose to the level of a misdemeanor offense of "Disrupting Meeting," or, possibly, "Hindering Proceedings." *Id.*

Garrett further alleges that, in response to her conduct, the only physical action he took towards Ream was to "touch her elbow to guide her to the door; to catch her from stumbling at the door; and to take her arms and guide her away from the exit door." *Id.* Ream's complaint contains only a few allegations regarding her own behavior, and Garrett argues that her allegations fail to overcome his assertion of immunity. However, the law does not require Ream to anticipate Garrett's immunity defense. *Todd v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1995) (per curiam) (citing *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc)). Rather, a two-step procedure applies. The plaintiff must initially "file a short and plain statement of his claim pursuant to Rule 8(a)(2)." *Id.* This pleading is then "followed by a more particularized reply pursuant to Rule 7." *Id.* Where, as here, the public official "pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail." *Schultea*, 47 F.3d at 1433. In fact, "[v]indicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Id.* at 1434. In view of Garrett's assertion of immunity, Ream should be given an opportunity to fully respond to the defense in a Rule 7(a) reply or an amended complaint. The District Court should deny without prejudice Garrett's motion to dismiss and permit him to file another dispositive motion directed to the allegations contained in Ream's subsequent pleading.[3]

Ream requests to take limited discovery. *See* Pl.'s Resp. (Doc. 23) at 10. The court observes, however, that even limited discovery is not proper until the court first finds that the

---

[3] Garrett can present the immunity question to the court in a motion for judgment on the pleadings under Rule 12(c) or a motion for summary judgment under Rule 56. *See Thomas v. City of Desoto*, No. 3:02-CV-0480-H, 2002 WL 1477392, at *1 n.1 (N.D. Tex. July 8, 2002) (expressing doubt as to whether a Rule 12(b)(6) motion is the proper vehicle for resolving a claim of qualified immunity); *see also Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring) ("Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground of dismissal.").

pleadings assert facts which, if true, are sufficient to overcome the immunity defense. *Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). The District Court should deny without prejudice Ream's request for discovery.

### RECOMMENDATION

The District Court should DENY without prejudice Defendant Garrett's Rule 12(b)(6) motion to dismiss (Doc. 15) and order Ream to respond to Garrett's immunity defense by filing a Rule 7(a) reply or an amended complaint.

SO RECOMMENDED, June 2, 2015.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

8