IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAN REAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-CV-4338-B-BF |
| | § | |
| CITY OF HEATH, TERRY GARRETT, | § | |
| and LORNE LIECHTY, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Defendant Lorne Liechty has filed a motion to dismiss plaintiff's original complaint in this civil rights action brought under 42 U.S.C. § 1983. For the following reasons, the District Court should grant the motion.

**Background**

This case arises out of an incident that occurred at a City Council Meeting for defendant the City of Heath ("the City") on September 9, 2014. In her Original Complaint, plaintiff Joan Ream ("Ream"), an 82 year-old woman, alleges she attended the September 9 City Council Meeting and spoke against certain proposed zoning changes. Pl.'s Orig. Compl. (Doc. 1) at 3, ¶ 10 & 5, ¶ 21. At one point in the meeting, "[a]fter certain citizens were heard, but before the proposition to rezone was put to a vote[,]" the mayor, defendant Lorne Liechty ("Liechty"), offered his opinion on the rezoning issues. *Id.*, ¶ 11. Ream then raised her hand and asked the City Attorney to "clarify a point of order" regarding whether it was appropriate for Liechty to comment on the rezoning issues at that time. *Id.* Ream alleges that, in response to her conduct, Liechty banged his gavel and directed

defendant Terry Garrett ("Garrett"), the City's Director of Public Safety, to remove her from the hearing. *Id.*, ¶ 12. By this lawsuit, Ream asserts claims against Liechty under 42 U.S.C. § 1983 for violating her First Amendment right to free speech by silencing her and directing Garrett to remove her from the public hearing. *Id.* at 5, ¶ 21. Ream seeks actual, compensatory, and punitive damages, as well as statutory attorneys' fees, costs, and expenses. *Id.* at 8, ¶¶ 27-29.

Defendants filed a joint answer to Ream's complaint in which they offer a different account of the September 9, 2014 City Council Meeting. *See* Def.'s Ans. (Doc. 17). According to Defendants, Ream spoke on the zoning matter during that portion of the meeting open for public comment. *Id.* at 5, ¶ 22 & 7, ¶ 23. After the public hearing portion of the meeting ended and the City Council began its deliberations, Ream stood up and began yelling at Leichty. *Id.* at 7, ¶ 23. Liechty asked Ream to stop the disruption several times, but Ream continued to yell at Liechty in an escalating tone and continued to disrupt the meeting. *Id.* Liechty then directed Garrett to remove Ream from the room. *Id.* In Defendants' answer, Liechty asserts that he is entitled to qualified immunity because a reasonable official in his position would have believed his actions were lawful under the circumstances. *Id.* at 5, ¶ 21 & 7, ¶ 23. Liechty further asserts that he is entitled to absolute immunity because he was performing the legislative function of the office of Mayor by presiding over, and maintaining order during, the City Council meeting. *Id.* at 7-8, ¶ 23. Liechty also filed a Rule 12(b)(6) motion to dismiss Ream's claims against him. *See* Mot. Dismiss (Doc. 13) at 1. In that motion, Liechty argues that Ream's complaint fails to adequately plead a claim for relief and that her allegations fail to overcome his assertion of immunity. *Id.* at 1, ¶¶ 1-2. Alternatively, Liechty requests that the court order Ream to file a Rule 7(a) reply to his immunity defenses. Def. Br. (Doc. 14) at 2.

2

**Legal Standards**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). In deciding a Rule 12(b)(6) motion, the court construes the plaintiff's complaint in the light most favorable to the plaintiff, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in the plaintiff's favor. *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

**Analysis**

To state a claim under 42 U.S.C. § 1983, Ream must allege a violation of her constitutional rights and show that a person acting under color of state law committed the alleged violation. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Ream alleges that Liechty violated her First Amendment right to free speech when he prohibited her from clarifying a point of order and directed her removal from the September 9, 2014 City Council meeting. Liechty moves to dismiss Ream's claims on

grounds that her complaint fails to sufficiently allege any violation of her constitutional rights and because he is entitled to immunity.

### First Amendment Violation

The First Amendment to the United States Constitution provides, in relevant part, that the government "shall make no law . . . abridging the freedom of speech . . . ." U.S. CONST. amend. I. Despite this broad prohibition, protection for free speech is not absolute. *See, e.g.*, *Cox. v. Louisiana*, 379 U.S. 536, 554 (1965) ("The rights of free speech and assembly, while fundamental in our democratic society, still do not mean that everyone with opinions or beliefs to express may address a group at any public place and at any time."). Especially in the context of a limited public forum, such as a city council meeting, the government does not have to permit every type of speech. *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106 (2001). In limited public forums, the government may impose reasonable, viewpoint-neutral restrictions on speech. *Christian Legal Soc'y Ch. of the Univ. of Cal., Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 679 n.11 (2010); *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 346 (5th Cir. 2001) (citing *Milford Cent.*, 533 U.S. at 106) ("When a public body establishes a limited public forum of this sort, that body may restrict the expression that takes place within the forum so long as the restriction (1) does 'not discriminate against speech on the basis of viewpoint' and (2) is 'reasonable in light of the purpose served by the forum.'"). Among other things, a city council may properly limit discussions during its meetings to specified agenda items and impose reasonable restrictions to preserve "the civility and decorum" necessary to further the purpose of the meeting. *See Wenthold v. City of Farmers Branch*, No. 3:11-CV-0748-B, 2012 WL 467325, at *7 (N.D. Tex. Feb. 14, 2012) (Boyle, J.), *aff'd*, 532 F. App'x

474 (5th Cir. 2013) (citing *Steinburg v. Chesterfield County Plan. Comm'n*, 527 F.3d 377, 385 (4th Cir. 2008).

Judged against these standards, the court concludes that Ream's complaint fails to plead a First Amendment violation. Ream alleges only that Liechty prevented her from "clarifying a point of order," a procedural question regarding whether the mayor could to comment on a proposition after the City Council heard from citizens on the matter but before the Council put the proposition to a vote. Pl.'s Orig. Compl. at 3, ¶ 11. She does not allege that Liechty prevented her from speaking at the City Council meeting *because of her viewpoint* or the substantive content of speech. Nor does she allege sufficient facts to suggest that Liechty directed her removal from the meeting because of her viewpoint on any issue. In fact, in her response to Liechty's motion to dismiss, Ream concedes that she was not attempting to share her viewpoint or speak on the substance of any issue before the City Council. Pl.'s Resp. (Doc. 23) at 5. Ream has thus failed to state a claim under Section 1983 for a violation of her First Amendment rights. *Cf. Kincheloe v. Caudle*, No. A-09-CA-010 LY, 2009 WL 3381047, at *14 (W.D. Tex. Oct. 16, 2009) (finding plaintiffs alleged a violation of their First Amendment rights where they alleged that they were prevented from speaking at a city council meeting *because of their viewpoint* with regard to a city official); *see also Danielson v. Chester Twp.*, No. 13-5427 JLL, 2014 WL 940722, at *3 (D. N.J. Mar. 11, 2014) ("[I]n order to state a facially plausible First Amendment claim based upon the alleged restrictions on speech imposed on him during the . . . council meeting, Plaintiff must allege, *inter alia*, facts establishing that restrictions were imposed on his speech based upon his viewpoint.").

In her response, Ream specifically requests the opportunity to replead her claims so she can allege sufficient facts to state a claim upon which relief can be granted. Pl.'s Resp. at 10. Given the

5

preference for deciding cases on the merits rather than on the sufficiency of pleadings, "courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The District Court should grant Liechty's motion to dismiss without prejudice and allow Ream leave to replead.

### Immunity

Liechty also contends that he is entitled to qualified and absolute immunity. Specifically, Liechty asserts that he was chairing the September 9, 2014 Heath City Council meeting when Ream began yelling at him and disrupting the meeting. Def.'s Ans. at 7, ¶ 23. According to Liechty, Ream ignored his repeated requests to stop yelling, and he had to order her removal so the meeting could continue. *Id.* Liechty contends that he reasonably believed that his actions were consistent with Ream's First Amendment rights and that he was justified under the circumstances in directing her removal because she was causing a disturbance and disrupting a public meeting. *Id.* Leichty further asserts that since his actions arose in connection with his conduct of a legislative meeting involving a zoning matter, he is protected by absolute immunity. *Id.*

Ream's complaint contains almost no facts regarding her own behavior or the nature of the City Council meeting. Of course, the law does not require Ream to anticipate Liechty's immunity defenses. *Todd v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1995) (per curiam) (citing *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995) (en banc)). Rather, a two-step procedure applies. The plaintiff must initially "file a short and plain statement of his claim pursuant to Rule 8(a)(2)." *Id.* This pleading is then "followed by a more particularized reply pursuant to Rule 7." *Id.* Where, as

here, the public official "pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail." *Schultea*, 47 F.3d at 1433. In fact, "[v]indicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Id.* at 1434. Here, greater detail would assist the court in evaluating Liechty's immunity defenses. Accordingly, if Ream amends her claims against Liechty, she should include allegations tailored to his assertion of qualified immunity in her amended complaint or in a Rule 7(a) reply. *Id.* at 1433.

Finally, Ream requests that she be allowed to take limited discovery. *See* Pl.'s Resp. (Doc. 23) at 7. However, even limited discovery is not proper until the court first finds that the pleadings assert facts which, if true, are sufficient to overcome the immunity defense. *Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995). The District Court should deny without prejudice Ream's request for discovery.

## RECOMMENDATION

The District Court should GRANT Defendant Liechty's Rule 12(b)(6) motion (Doc. 13). The Court should allow Ream leave to file an amended complaint to address the deficiencies identified by the defendants and should further order Ream to respond to Liechty's immunity defenses in her amended complaint or by filing a Rule 7(a) reply.

SO RECOMMENDED, June 2, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).