UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOAN REAM, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | No. 3:14-CV-4338-B |
| | § | |
| TERRY GARRETT, and | § | |
| LORNE LIECHTY, | § | |
| in their individual capacities, | § | |
| | § | |
|    Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant Liechty's Second 12(b)(6) Motion to Dismiss [D.E. 45] and Defendant Garrett's Rule 12(c) Motion for Judgment [D.E. 47]. These motions were referred by the District Court to the Magistrate Judge for recommendation according to 12 U.S.C. § 636(b). Order Referring Mot. [D.E. 50]. For the following reasons, the undersigned recommends that Defendant Liechty's Second 12(b)(6) Motion to Dismiss [D.E. 45] be granted, and Defendant Garrett's Rule 12(c) Motion for Judgment [D.E. 47] be denied.

**BACKGROUND**

In September of 2014, Plaintiff Joan Ream ("Ream") states that she attended a City Council meeting for the City of Heath, Texas. Am. Compl. [D.E. 44 at 1]. She claims she was ejected from this meeting by Defendant Lorne Liechty ("Liechty"), the Mayor of Heath, after she attempted to ask the city attorney a question. *Id.* at [D.E. at 1]. Ream states that Liechty instructed Defendant Terry Garrett ("Garrett"), Director of Public Safety for the City of Heath, to assist in removing her from

1

the meeting. *Id.* [D.E. at 1]. While trying to remove her from the meeting, Ream claims that Garrett grabbed her from behind, shoved her out the door, swept her legs from under her, and knocked her off balance. *Id.* [D.E. at 5]. Ream alleges that Garrett's actions caused "bruises to her arm and injuries to her left shoulder, left rib and knee and leg which will require surgery." *Id.* [D.E. at 6].

In her First Amended Original Complaint, Ream alleges two causes of action. *See* Am. Compl. [D.E. at 6-8]. First, she alleges that Garrett used an excessive amount of force in removing her from the meeting. *Id.* [D.E. at 6]. And second, Ream alleges that Liechty violated her right to free speech by ordering her to be removed from the meeting. *Id.* [D.E. at 8]. The issues have been fully briefed, and the motions are ripe for determination.

## LEGAL STANDARDS

### Motion to Dismiss

To survive dismissal under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. (quoting FED. R. CIV. P. 8(a)(2)). In determining whether a Rule 12(b)(6) motion survives dismissal, the Court accepts all well-pleaded

2

factual allegations as true and views those factual allegations in the light most favorable to the plaintiff. *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009).

## Motion for Judgment on the Pleadings

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). The court remains limited to the contents of the pleadings and attachments. *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015). "To avoid dismissal, a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face." *Johnson v. Teva Pharms. USA, Inc.*, 758 F.3d 605, 610 (5th Cir. 2014) (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)).

## ANALYSIS

### Unconstitutional Violation of Freedom of Speech

The First Amendment to the United States Constitution provides, in relevant part, that the government "shall make no law . . . abridging the freedom of speech . . . ." U.S. CONST. amend. I. Despite this broad prohibition, protection for free speech is not absolute. *See, e.g.*, *Cox. v. Louisiana*, 379 U.S. 536, 554 (1965) ("The rights of free speech and assembly, while fundamental in our democratic society, still do not mean that everyone with opinions or beliefs to express may address a group at any public place and at any time."). Especially in the context of a limited public forum, such as a city council meeting, the government does not have to permit every type of speech. *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106 (2001). In limited public forums, the government may impose reasonable, viewpoint-neutral restrictions on speech. *Christian Legal Soc'y Ch. of the Univ. of Cal., Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 679 n.11 (2010); *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 346 (5th Cir. 2001) (citing *Milford Cent.*, 533 U.S. at 106) ("When

3

a public body establishes a limited public forum of this sort, that body may restrict the expression that takes place within the forum so long as the restriction (1) does 'not discriminate against speech on the basis of viewpoint' and (2) is 'reasonable in light of the purpose served by the forum.'"). Among other things, a city council may properly limit discussions during its meetings to specified agenda items and impose reasonable restrictions to preserve "the civility and decorum" necessary to further the purpose of the meeting. *See Wenthold v. City of Farmers Branch*, No. 3:11-CV-0748-B, 2012 WL 467325, at *7 (N.D. Tex. Feb. 14, 2012) (Boyle, J.), *aff'd*, 532 F. App'x 474 (5th Cir. 2013) (internal citations omitted).

Judged against these standards, the Court concludes that Ream's amended complaint fails to plead a First Amendment violation. Ream alleges that Liechty prevented her from "attempt[ing] to clarify a point of order with the City Attorney . . . ." Am. Compl. [D.E. 44 at 3]. In her amended complaint, Ream does not allege that Liechty prevented her from speaking at the City Council meeting *because of her viewpoint*. *See id.* [D.E. 44]. To the contrary, Ream alleges that "[d]uring this meeting, [she] spoke out against the zoning change and the developer's plans." *Id.* [D.E. at 3]. Because Ream continues to allege that Liechty directed her removal from the meeting over a procedural matter not related to the substance of her viewpoint, she has failed to state a claim under Section 1983 for a violation of her First Amendment rights. *Cf. Kincheloe v. Caudle*, No. A-09-CA-010 LY, 2009 WL 3381047, at *14 (W.D. Tex. Oct. 16, 2009) (finding plaintiffs alleged a violation of their First Amendment rights where they alleged that they were prevented from speaking at a city council meeting *because of their viewpoint* with regard to a city official); *see also Danielson v. Chester Twp.*, No. 13-5427 JLL, 2014 WL 940722, at *3 (D. N.J. Mar. 11, 2014) ("[I]n order to state a facially plausible First Amendment claim based upon the alleged restrictions on

speech imposed on him during the . . . council meeting, Plaintiff must allege, *inter alia*, facts establishing that restrictions were imposed on his speech based upon his viewpoint."). Because Ream has amended her pleadings once already and still does not state a claim entitled to relief, the Court recommends that this claim be dismissed with prejudice.

### Unconstitutional Use of Excessive Force

For a plaintiff to overcome qualified immunity, she must demonstrate "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Trent v. Wade*, 776 F.3d 368, 377 (5th Cir. 2015) (internal quotations omitted). This Court has already found, and the District Court has accepted that finding, that Ream stated a plausible claim for excessive force in her Original Complaint. *See Ream v. City of Heath*, 3:14-CV-4338-B, 2015 WL 4393300 (N.D. Tex. July 15, 2015). However, Garrett raised the defense of qualified immunity regarding Ream's allegation. Def's Answer [D.E. 17 at 4]. In response, the District Court ordered Ream to address Garrett's claim of qualified immunity in an amended complaint. Order [D.E. 36 at 1].

Therefore, the Court must now determine whether Ream has pleaded sufficient facts regarding whether or not her Fourth Amendment right against the use of excessive force was clearly established at in 2014. *See Trent*, 776 F.3d at 377. "For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Hope v. Pelzer, 536 U.S. 730, 739 (2002) (internal quotations omitted). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Id.* (internal quotations omitted). Although

5

cases involving "materially similar" or "fundamentally similar" facts may provide support that a law is clearly established, they are not necessary for an official to "be on notice that their conduct violates established law even in novel factual circumstances." *Id*. at 741. Here, Ream cites two cases[1], *Graham v. Connor*, 490 U.S. 386 (1989) and *Tennessee v. Garner*, 471 U.S. 1 (1985), for the proposition that force must be proportional to the goal that an officer is attempting to achieve. *See* First Am. Original Compl. [D.E. 44 at 5-6]. Both opinions were published well before 2014 and provided notice to Garrett that the use of excessive force could violate established law. *See* Hope, 536 U.S. at 741.

Therefore, Court concludes that Ream's right against the use of excessive force was clearly established in 2014, satisfying the second prong necessary to overcome the defense of qualified immunity. *See Trent*, 776 F.3d at 377. Thus, the Court recommends that Garret's Rule 12(c) Motion for Judgment [D.E 47] be denied.

## RECOMMENDATION

For the above stated reasons, the Court recommends that Defendant Liechty's Second 12(b)(6) Motion to Dismiss [D.E. 45] be granted and Ream's claim against him be dismissed with prejudice. The Court further recommends that Defendant Garrett's Rule 12(c) Motion for Judgment [D.E. 47] be denied.

---

[1] It is assumed that one of the cases Ream cites is *Graham v. Connor*, 490 U.S. 386 (1989) based on the quoted language. *See* First Am. Original Compl. [D.E. 44 at 5].

SO RECOMMENDED, December 7, 2015.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).